UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAWRENCE WRIGHT JR.                                                                                 Plaintiff

v.                                                                              Civil Action No. 3:21-CV-560-RGJ

GREG FISCHER, MAYOR, *et al.*                                                                   Defendants

* * * * *

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, this action will be dismissed.

### I.

*Pro se* Plaintiff Lawrence Wright Jr. ("Wright") brings this action pursuant to 42 U.S.C. § 1983 seeking damages against Louisville Mayor Greg Fischer and Police Chief Erika Shields in their official capacities. He claims as follows:

> The Professional Standards Unit continue to with-hold evidence. The standards unit have lied to I Lawrence Wright multiple times, about doing investigations on the complaints that I filed on the Louisville Metro Police Department [("LMPD")].
>
> The [LMPD] is unprofessional and they needs to be held accountable for their wrongful behavior. The Louisville Standards Unit has not provided I Lawrence Wright with no evidence or camera footage what I have requested in all my complaints. The Louisville Standards Unit Has failed I Lawrence Wright tremendously.
>
> The [LMPD] continue to violate my rights, harassing and racial profiling I Lawrence Wright because the color of my skin.
>
> The [LMPD] has had no consequence behind their bad behavior towards I Lawrence Wright Greg Fischer the mayor and Erika Shields chief of police continue to allow the police to brake the law and get away with violating my civil rights.
>
> The [LMPD] Greg Fischer, and Erika Shields are fully responsible for their/officer bad behavior and misconduct.

To the complaint, Wright attaches a July 1, 2021, letter from Sergeant Lamont Washington of the LMPD Professional Standards Unit. [DE 1-1]. In the letter, Sergeant Washington advised Wright that the complaint he filed with the Professional Standards Unit "is still being investigated." [*Id.*]. Sergeant Washington continued, "I want to assure you that we take your complaint very seriously and all efforts are being made to complete the investigation in a timely manner." [*Id.*]. Finally, he invited Wright to contact his office during business hours if he has any questions regarding his complaint. [*Id.*].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues Defendants Fischer and Shields in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether

3

the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff complains about the Professional Standards Unit's investigations into his complaints against the LMPD, claiming that the Unit lied and withheld evidence. He further claims that LMPD "continue[s] to violate my rights, harassing and racial profiling." None of his conclusory allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The complaint, therefore, fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. The official-capacity claims against Defendants Fischer and Shields will be dismissed.

Consequently, the Court will dismiss this action by separate Order.

Date: June 6, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.005